22517. FETZER *et al. v.* AMERICAN SURETY COMPANY OF NEW YORK.

STEPHENS, J. 1. Assuming that where a tax-collector of a county deposits in a bank funds belonging to the county collected from tax levies, and takes from the bank a bond payable to him as tax-collector, conditioned to pay the money deposited when legally demanded, the tax-collector stands in the position of a trustee to the county, with the county as the beneficiary, and can not, as against the rights of the county to the collection of the money from the bank, assign to another his rights under the bond, yet where the bank becomes insolvent, and the surety upon the tax-collector's official bond makes good to the county the amount of tax moneys which have been deposited in the bank, the county, as beneficiary or otherwise, has no right, title, or interest whatsoever against the bank arising under the bond executed by the bank to the tax-collector, but the tax-collector, in his personal and individual capacity, is the obligee under the bond, and may, by assignment for a valuable consideration, the same being the payment by the surety on his official bond to the county of the amount of money due the tax-collector from the bank, assign and transfer to the surety upon his official bond all his right, title, and interest whatsoever in the bond executed by the bank and its sureties to

the tax-collector. In this suit by the surety of the tax-collector upon his official bond, as the transferee of the bond, against the bank and its sureties, to recover against the bank's sureties, the petition sets out a cause of action, and is good as against general demurrer.

2. The petition, in which it is alleged that the plaintiff, who was the surety upon the tax-collector's official bond, and who had paid to the county the amount of the tax money deposited in the bank, is entitled to recover both by subrogation to the rights of the tax-collector, as the obligee under the bond, and as transferee of the bond by the tax-collector, is not subject to the objection on demurrer that it seeks to recover upon two separate and distinct causes of action. Whether the plaintiff's right to recover arises by virtue of a transfer or by subrogation, the cause of action, in either event, is the same, being upon the bond.

3. An allegation that, after a breach of the bond by the bank in failing to pay the obligee on demand the amount of tax money on deposit in the bank, the "fiscal authorities" of the county issued an execution, as "provided by law," against the tax-collector and the surety upon his official bond in an amount equal to the amount on deposit in the bank, and that the surety on the official bond satisfied the execution by payment, the date of the execution and the name of the "fiscal authorities" of the county were immaterial, and their omission did not render the petition subject to special demurrer.

4. The petition set out a cause of action, and was good as against the general and special demurrers.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JANUARY 12, 1933.

*Travis & Travis, George W. Felzer Jr., Perry Brannen,* for plaintiffs in error.

*Jones, Evins, Powers & Jones, John C. Hollingsworth,* contra.